UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| LAUREN HUFFMAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:05-cv-125 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JANET OLSZEWSKI, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus proceeding brought by an inmate of the Kalamazoo Psychiatric Hospital pursuant to 28 U.S.C. § 2254. Petitioner has been confined by the Michigan Department of Community Health (MDCH) or its predecessors since 1963 pursuant to the now repealed Criminal Sexual Psychopath Act (CSPA), MICH. COMP. LAWS §§ 780.501-.509. His petition, brought by counsel, asserts that the Michigan Act, as interpreted and applied by the state courts, is unconstitutional and violates due process, because it does not require sufficient proof of dangerousness as a prerequisite to continued confinement. The petition also brings an equal protection claim.

Respondent has filed an answer to the petition (docket # 5) asserting two affirmative defenses. First, the answer alleges that the petition is barred by the one-year statute of limitations period provided by 28 U.S.C. § 2244(d). Second, respondent asserts that petitioner has not exhausted his state remedies, in that he has never presented either his due process or his equal protection claim to any state appellate court. Petitioner's counsel has filed a reply to the answer

(docket # 12) asserting in terse fashion that the one-year statute of limitations is "irrelevant" and the exhaustion of constitutional claims in the state courts is "not possible." Petitioner's counsel thereafter filed a lengthy brief in support of the petition (docket # 14), in which he completely ignores both affirmative defenses and argues the merits of his constitutional claims at length.

Chief Judge Robert Holmes Bell has referred this matter to me for review of the record and submission of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Rule 10, RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE DISTRICT COURTS. Upon review of the record, I conclude that petitioner has failed to exhaust his claims in the state courts and recommend that his petition be dismissed without prejudice. In light of this finding, the court need not reach the statute of limitations issue.

**Proposed Findings of Fact**

The background facts necessary for an adjudication of respondent's affirmative defenses are undisputed. In 1963, petitioner was charged with felonious assault on a fourteen-year-old girl. According to state records, petitioner asked the girl to have a sexual relationship with him, and, following her refusal, hit her in the head with a claw hammer. Petitioner had previously been charged with taking indecent liberties with a minor, careless use of firearms, and exhibitionism. Rather than proceeding criminally on the assault charge, authorities began commitment proceedings under the Criminal Sexual Predator Act, Act 165 of the Acts of 1939, as amended by Act 58 of the Acts of 1952, then codified at Mich. Comp. Laws § 780.501-.509. Petitioner was committed under the statute and has remained in the custody of the Michigan Department of Community Health, or its predecessors, since 1963.

In 1968, the Michigan Legislature repealed the CSPA. Act 143 of the Acts of 1968 (eff. Aug. 1, 1968). Because persons were still confined under the Act, the Michigan Supreme Court adopted an administrative order to provide for discharge hearings for persons remaining in custody under the repealed statute. MICH. ADMIN. ORDER 1969-4, 382 Mich. xxix (1969). The administrative order continued in effect the release provisions of section 7 of the repealed Act, which provided as follows:

> Such criminal sexual psychopathic person shall be discharged only after there are reasonable grounds to believe that such person has recovered from such psychopathy to a degree that he will not be a menace to others. At any time, when he shall appear to have so recovered, a petition in writing setting forth the facts showing such recovery may be filed with the clerk of the court by which he was committed and such court shall proceed to determine whether or not he has recovered from such psychopathy to a degree that he will not be a menace to others. Jury trial of such issue may be had, if demanded before the trial of said issue and within 15 days after the filing of such petition. If following such hearing, such person is found to have recovered from such psychopathy to a degree that he will not be a menace to others, then the court shall order such person to be discharged from the custody of the state hospital commission. In the event such person is found to have not recovered from such psychopathy, then the court shall order such person to be returned to the custody of the state hospital commission to be held under the previous commitment of such person.
>
> As long as such psychopath shall remain in the custody of the department of mental health or the commission he shall be examined at least once a year by 2 psychiatrists appointed by the commission who shall report in writing their findings including therein any facts tending to show appearance of recovery, to the committing court and to the commission. These reports shall thereafter be available to such committed person's attorney for use in petitions for discharge, and also as evidence at any hearings on such petitions if so requested by petitioner, by the prosecutor or by the court.

MICH. COMP. LAWS § 780.507 (repealed). The parties agree that this statute, and the standards contained therein, continue to apply to petitioner's confinement.[1]

In 1993, petitioner filed a motion for discharge in the Ottawa County Circuit Court. The court declined to order discharge at that time, but directed the Department to consider parole under provisions of Mich. Comp. Law § 330.1942 (since appealed). Petitioner filed another motion for discharge in the Ottawa County Circuit Court in 2002. On August 30 of that year, the court conducted a hearing on the motion. By opinion and order entered February 26, 2003, Judge Calvin L. Bosman determined that the standards set forth in section 7 of the repealed Act, MICH. COMP. LAWS § 780.507, as readopted in the state Supreme Court administrative order, continued to provide the standard of review for discharge. (Op., 2-3 docket # 8). Under state law, the standard of proof imposed upon the state is "clear and convincing evidence." (Op., 3). After reviewing the evidence, the court found "beyond a reasonable doubt" that petitioner was both mentally ill and presented a danger to the community. On this basis, the court denied relief. (Op., 5). Petitioner did not seek review in any state appellate court.

Over two years later, petitioner filed the present habeas corpus proceeding, raising a due-process challenge to the procedures required by section 7 of the CSPA and Administrative Order 1969-4 and an equal protection claim arising from the allegedly disparate standards for release that apply to him as opposed to other involuntary detainees who are covered by the present Mental

---

[1] The Michigan Supreme Court rescinded Administrative Order 1969-4 on the mistaken assumption that no one was in custody any longer pursuant to the repealed Act. When the court realized its error, it reinstated the administrative order on September 14, 2004. That administrative order remains in effect to this day.

Health Code. There is no evidence that petitioner has presented either of these claims to any state court.

## Discussion

### I.    Exhaustion of State Remedies

Petitioner brings this action pursuant to 28 U.S.C. § 2254, which grants the federal courts jurisdiction to entertain habeas corpus petitions brought by persons "in custody pursuant to the judgment of a state court." 28 U.S.C. § 2254(a). Petitioner is in the custody of the Michigan Department of Mental Health pursuant to the provisions of the CSPA, which required a circuit court hearing and a judicial finding that the person was a criminal sexual psychopath as defined by the Act as a prerequisite to commitment. MICH. COMP. LAWS § 780.505 (repealed). Consequently, petitioner is in state custody pursuant to a judgment of the circuit court, and section 2254 provides jurisdiction over these proceedings. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (person is in custody within the meaning of section 2254 when subject to an order of civil or criminal commitment); *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988) (criminal commitment order); *Tyars v. Finner*, 709 F.2d 1274 (9th Cir. 1983) (section 2254 petitioner confined under state Sexually Violent Predator Act).

Before the court may grant habeas relief, the petitioner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004)*; O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513

U.S. 364, 365 (1995). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

A habeas petitioner bears the burden of proving exhaustion of state remedies. *See Rust v. Zent*, 17 F.3d 155, 159 (6th Cir. 1994). Petitioner has done nothing to discharge this burden and has not attempted to show that he presented either his due process or his equal protection claim to any Michigan court. Respondent has submitted an affidavit from the Clerk of the Michigan Court of Appeals (docket # 9) averring that no appeal of right or application for leave to appeal has ever been filed in that court with regard to petitioner's commitment. Therefore, on the present record, it is undisputed that petitioner has never fairly presented his federal claims to the state's highest court, as required by the exhaustion doctrine.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least two apparent procedures by which to raise the federal claims he has presented in his habeas corpus petition. First, petitioner may file another petition for release under the provisions of Administrative Order 1969-4. The administrative order, and section 7 of the CSPA which the order incorporates, appear to contain no prohibition against the filing of successive petitions for release.

The statute allows a petition for release to be filed "at any time" based upon the allegation of recovery. The state Attorney General concedes that petitioner would be allowed to file successive petitions for release under the Administrative Order. (Answer, docket # 5, at 5). It is clear that the state courts will entertain constitutional claims in the context of a petition for release under Administrative Order 1969-4. The only other inmate confined under the provisions of the repealed CSPA, Theodore Glenn Williams, filed a petition for release under the Administrative Order in the Allegan County Circuit Court and raised due process and equal protection claims similar to those contained in the present habeas corpus petition. When the Allegan County Circuit Court denied relief, the state Supreme Court directed that the Court of Appeals hear the case on the merits. *People v. Williams*, 560 N.W.2d 629 (Mich. 1997). The state Court of Appeals thereafter afforded plenary review of all issues raised, including federal due process and equal protection claims, addressing the issues in a published opinion. *People v. Williams*, 580 N.W.2d 438 (Mich. Ct. App. 1998). Williams then applied to the state Supreme Court for leave to appeal, which the court entertained and denied. 589 N.W.2d 287 (1998).[2] The *Williams* case clearly demonstrates that petitioner has an available remedy under Administrative Order 1969-4, and that the state courts will entertain federal constitutional challenges in such a proceeding.

Alternatively, petitioner may apply for a writ of habeas corpus in the state courts. The Michigan Constitution guarantees the right of habeas corpus. MICH. CONST. 1963, art. 1 § 12. Michigan statutory law empowers any court of record, or a judge or justice thereof, to issue a writ of habeas corpus to inquire into the cause of detention. MICH. COMP. LAWS § 600.4304. Except for

---

[2] Mr. Williams then applied for habeas corpus relief in the Eastern District of Michigan. By judgment entered September 7, 2005, District Judge Paul D. Borman denied relief. The matter is now pending before the Sixth Circuit Court of Appeals.

certain statutory exclusions not relevant here, an action for habeas corpus "to inquire into the cause of detention may be brought by or on the behalf of any person restrained of his liberty within this State under any pretense whatsoever. . . ." MICH. COMP. LAWS § 600.4307. If petitioner is unsuccessful in the state circuit court in a habeas corpus proceeding, he may seek appellate review by filing an original complaint for habeas corpus in the Michigan Court of Appeals. *See Triplett v. Deputy Warden*, 371 N.W.2d 862 (Mich. Ct. App. 1985); *see also Parshay v. Warden of Marquette Prison*, 186 N.W.2d 859 (Mich. Ct. App. 1971). There is no limit on the time in which a complaint for writ of habeas corpus may be filed, as long as the prisoner is in custody at the time the judgment becomes effective. *Triplett*, 371 N.W.2d at 865. Denial of relief in the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. MICH. CT. R. 7.301(A)(2), 7.302. The Michigan Supreme Court has subjected the commitment statutes of the state to scrutiny under both due process and equal protection principles, *see, e.g., People v. McQuillan*, 221 N.W.2d 569 (Mich. 1974), and there is no reason to believe that the state courts would be unreceptive to federal constitutional claims in the present case.

When faced with respondent's answer raising the lack of exhaustion, petitioner was satisfied to assert, without any citation of authority or discussion, that exhaustion of constitutional claims in the state courts "is not possible." (Reply, docket # 12, ¶ 2). Petitioner has not attempted to explain why presentation of his federal claims to the state courts, either pursuant to the procedure created by Administrative Order 1969-4 or by petition for writ of habeas corpus, would be "not possible." Even if there were some doubt about the availability of one or the other of these remedies, Sixth Circuit authority requires that the question be answered by the state courts in the first instance, as they have the principal responsibility for determining the availability of relief under state law. *See*

*Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995); *Brewer v. Dahlberg*, 942 F.2d 328, 340 (6th Cir. 1991). The state courts should have a full and fair opportunity to cure any constitutional infirmities before the federal courts intervene. *Brewer*, 942 F.2d at 340.

### II. Statute of Limitations

Respondent has also asserted a defense under the one-year statute of limitations established by 28 U.S.C. § 2244(d), contending that the limitations period expired one year after the 2003 order of the Ottawa County Circuit Court became final. The Sixth Circuit Court of Appeals has recently emphasized that the one-year limitations period for habeas corpus actions is not jurisdictional and that the district court is not required to rule on this issue if the case can be more readily resolved on other grounds. *See Pough v. United States*, No. 04-3863, ___ F.3d ___, 2006 WL 823409, at * 4-5 (6th Cir. Mar. 31, 2006). Application of the statute of limitations in the present case appears problematical, both because petitioner did not raise his federal claims in the Ottawa County proceedings and because of his conceded ability to bring another proceeding in that court. Given the clear merit of the exhaustion defense, dismissal of the petition without prejudice is the appropriate disposition, without the necessity of addressing the limitations defense.

### **Recommended Disposition**

For the foregoing reasons, I conclude that petitioner has failed to exhaust available state remedies and recommend that the petition be dismissed without prejudice.

Dated:  April 5, 2006             /s/  Joseph G. Scoville
                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).