UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
———

| | | |
|---|---|---|
| LAUREN HUFFMAN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 5:05-cv-125 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JANET OLZEWSKI, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| _____ | ) | |

This habeas corpus matter is before the court on petitioner's objections to the report and recommendation of the magistrate judge. Timely objections to the report and recommendation of the magistrate judge are accorded *de novo* review. FED. R. CIV. P. 72(b). Upon *de novo* review of the portions of the report and recommendation to which respondent has objected, the court determines that the habeas corpus petition must be dismissed for failure to exhaust available state remedies.

## Background

Petitioner, Lauren Huffman, has been confined since 1963 under the Michigan Criminal Sexual Psychopath Act, MICH. COMP. LAWS §§ 780.501–.509. His habeas corpus petition, brought pursuant to 28 U.S.C. § 2254 by the Michigan Protection & Advocacy Service, Inc., challenges petitioner's continued confinement as violative of his right to due process and equal protection under the Fourteenth Amendment.

Petitioner's objection to the report and recommendation does not challenge the factual findings or legal framework set forth by the magistrate judge.  Those findings will therefore be summarized only briefly here.  After the Ottawa County Circuit Court committed petitioner in 1963 under the CSPA, the Michigan Legislature repealed the statute.  In order to afford an opportunity for continuing review to those persons still incarcerated under the statute, the Michigan Supreme Court adopted an administrative order to provide for discharge hearings.  MICH. ADMIN. ORDER 1969-4. Petitioner received hearings in 1993 and again in 2002.  In each case, the circuit judge found that petitioner had not recovered to the extent that he should be released under the statutory standard. Petitioner's counsel concedes that petitioner never appealed to the state appellate courts.

The present habeas corpus proceeding was initiated by petition filed on August 30, 2005.  The state Attorney General filed an answer raising, among other defenses, the lack of exhaustion of state remedies.  By report and recommendation entered April 5, 2006, Magistrate Judge Joseph Scoville determined that petitioner had not exhausted his remedies and that at least two judicial remedies remain open to him under state law.  On April 14, 2006, petitioner's counsel filed an objection (docket # 17) conceding that he had not presented his claims to any state appellate court but arguing that the exhaustion requirement should be excused, because exhaustion would be futile. Petitioner's counsel points to the decision of the state Court of Appeals rendered eight years ago in *People v. Williams*, 580 N.W.2d 438 (Mich. Ct. App. 1998), in which the court rejected due-process and equal protection arguments similar to those raised herein, brought by another person committed under the CSPA.  The state Supreme Court denied leave to appeal.  589 N.W.2d 287 (Mich. 1998). On this basis, petitioner argues that the state Supreme Court "has been given a full and fair

opportunity to rule on the claims brought by petitioner and thus petitioner has no further state remedies to exhaust."  (Objections at 3-4).

### Discussion

Under the federal habeas corpus statute, habeas relief "shall not be granted" to a petitioner in custody pursuant to a state-court judgment unless the petitioner has "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  To satisfy the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  The habeas corpus statute makes it clear that a petitioner has not exhausted his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Only when there is no corrective state process available, or the circumstances render such process ineffective to protect a petitioner's rights, does the statute authorize excusing the exhaustion requirement.  28 U.S.C. § 2254(b)(1)(B)(i) & (ii).  The petitioner bears the burden of showing exhaustion or the existence of circumstances excusing compliance with this statutory requirement.  *See Rust v. Zent*, 17 F.3d 155, 159 (6th Cir. 1994).

The report and recommendation of the magistrate judge found that petitioner had never raised his federal claims in any state appellate court.  (R&R, docket # 16, at 5).  The report and recommendation further found that petitioner has two apparent remedies available to him under the law of the State of Michigan.  First, the state Supreme Court, in adopting Administrative Order 1969-4, incorporated the procedural provisions of the repealed law regarding review of continued detention under the Act.  Section 7 of the repealed law allows a person detained thereunder to

-3-

petition the circuit court "at any time" for a hearing and even guarantees the right to a trial by jury, if so requested. MICH. COMP. LAWS § 780.507 (repealed). The magistrate judge noted that petitioner has already availed himself of this remedy twice and that another person detained under the repealed law, Theodore Williams, was able to present his federal constitutional claims to the state courts by invoking the procedure sanctioned in the administrative order. *See People v. Williams*, 580 N.W.2d 438 (Mich. Ct. App. 1998), *lv. denied*, 589 N.W.2d 287 (Mich. 1998). The state Attorney General has conceded that an institutionalized prisoner may bring serial petitions for release, without regard to previous petitions. Alternatively, the magistrate judge pointed to the availability of a state writ of habeas corpus, a right guaranteed by the state constitution and statutes. (R&R at 7-8).

In his objections, petitioner does not deny the availability of these state remedies. Rather, for the first time, he raises a claim of futility.[1] Pointing to the outcome of the case brought by Theodore Williams in state court, petitioner argues that the state appellate courts have previously ruled on the issues that petitioner now seeks to raise and that the state courts have made clear their rejection of petitioner's position. Petitioner does not cite any Supreme Court or Sixth Circuit authority that would excuse him from the exhaustion requirement merely because the state court of appeals has, eight years previously, rejected similar claims.

Petitioner's claim of futility is not supported by any controlling authority. The Supreme Court has cautioned that an exception to the exhaustion requirement on grounds of futility is warranted only if there is no opportunity to obtain redress in state courts or if the corrective process is so clearly deficient as to render useless any effort to obtain relief. *See Duckworth v.*

---

[1] In proceedings before the magistrate judge, petitioner's counsel merely asserted that exhaustion was "not possible," without elaboration.

*Serrano*, 454 U.S. 1, 3 (1981).  The federal courts will most often find futility where a petitioner has presented his federal claims to the state courts, only to be met with years of unjustifiable delay.  *See, e.g., Turner v. Bagley*, 401 F.3d 718, 725-26 (6th Cir. 2005).  Such is not the situation in the present case, as petitioner has never presented his federal claims to the state appellate courts.  Rather, petitioner argues that the futility doctrine should be applied to cases in which previous decisions of the state courts make it unlikely that a petitioner will be granted relief if he attempts to exhaust remedies.  The Supreme Court, however, has held to the contrary.  In *Engel v. Isaac*, 456 U.S. 107 (1982), the Court addressed the question -- analogous to the question presented in this case -- whether a petitioner who had procedurally defaulted  a claim in state court could prove cause to excuse his default by asserting that his claim would have been futile on the merits in state court.  456 U.S. at 130.  The Court rejected petitioner's claim of futility, as follows:

> We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial.  If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.  Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

*Id.* at 130.  The Court went on to state that futility on the merits did not constitute cause for failure to raise a claim in state court merely because the claim "was unacceptable to that particular court at that particular time."  *Id.* at 130 n.35.  The Court has thereafter reaffirmed its rejection of the argument that the legal excuse of futility encompasses the situation in which a petitioner merely believes that his federal claims are likely to be rejected in the state courts on the basis of state-court precedent.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

Relying on *Engel* and *Bousley*, the federal courts of appeals hold "that the exhaustion requirement is not excused merely because a petitioner's claim will likely be denied on the merits in state court." *Parker v. Kelchner*, 429 F.3d 58, 63 (3d Cir. 2005); *accord Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (the fact that state courts may have been unlikely to grant relief on a federal claim "does not cure [petitioner's] failure to have raised it in the state courts."); *Minter v. Beck*, 230 F.3d 663, 666 (4th Cir. 2000); *Waldrop v. Jones*, 77 F.3d 1308, 1315 (11th Cir. 1996); *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993) ("Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably."); *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988). The Sixth Circuit likewise views *Engel v. Isaac* as holding that a defendant's failure to raise an issue in state court is not excused by the defendant's view, even if reasonable, that the argument might be rejected by the state courts. *Scott v. Mitchell*, 209 F.3d 854, 871-72 (6th Cir. 2000).

Accordingly, this court finds that petitioner has available to him clear remedies to challenge his continued confinement under state law, and that his resort to those remedies would not be futile. Every petition for review under section 7 of the CSPA is based upon the unique facts and circumstances of a particular prisoner's case and whether, on the factual record then before the court, the petitioner continues to pose a danger to society. The mere fact that the state courts rejected a similar petition years ago is not sufficient basis to conclude that they would reject petitioner's claims now. Furthermore, the state Supreme Court has never opined on the issues petitioner raises. In the *Williams* case, the state Supreme Court merely denied leave to appeal. Denial of leave to appeal is not precedential. *See Tebo v. Havlik*, 343 N.W.2d 181, 184 n.2 (Mich. 1984). Like denial of *certiorari*, denial of leave to appeal expresses no present view on the merits of the issue. *See Great*

*Lakes Realty Corp. v. Peters*, 57 N.W. 901, 902 (Mich. 1953).  Consequently, this is not a situation in which the settled precedents of the state's highest court foreordain a decision on the merits.  The fact that the state Supreme Court refused to review the constitutional claims raised by Theodore Williams in 1998 does not necessarily mean that the state Supreme Court, with new justices and with the benefit of new law and facts, will necessarily reject petitioner's claims now.  "Even a state court that has previously rejected the constitutional argument may decide, upon reflection, that the contention is valid."  *Engel*, 456 U.S. at 130.  No decision of the Supreme Court or Sixth Circuit allows this court to dispense with the exhaustion requirement merely because a petitioner lacks confidence that the state courts will grant him relief.

Except in rare circumstances not present here, the exhaustion doctrine requires that petitioner himself (not some previous litigant in a different case) raise his federal claims at each level of the state system.  Petitioner has admittedly not done so, and state remedies remain open to him.  Petitioner's objections will therefore be overruled, and the petition will be dismissed without prejudice for lack of exhaustion.

Date:      April 21, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT  JUDGE